UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **Gay Lynn Cuming** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **vs.** | § | CIVIL NO.:  **1:18-cv-00320-LY** |
| | § | |
| | § | |
| **Liberty Life Assurance** | § | |
| **Company of Boston** | § | |
| | § | |
| *Defendant* | § | |

## PLAINTIFF'S MOTION TO DETERMINE
## THE APPROPRIATE STANDARD OF REVIEW

When an ERISA plan lawfully delegates discretionary authority to the plan administrator or fiduciary, a court reviewing the denial of a claim is limited to assessing whether the administrator abused that discretion. *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, (1989).   For plans that do not have valid delegation clauses, "a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard." *Id.*

On March 1, 2018, the Fifth Circuit Court of Appeals released its landmark decision,   *Ariana M. v. Humana Health Plan of Texas, Inc.,* 884 F.3d 246 (5th Cir. 2018) describing the circumstances under which a growing number of ERISA cases in the state of Texas would be reviewed under a *de novo* standard, and overruling earlier Fifth Circuit precedent defining the nature of *de novo* review in the Circuit.  Prior to *Ariana M., de novo* review of ERISA decisions in the 5th Circuit was rare, and even when it occurred, was not

1

substantially different from discretionary review, since an ERISA administrator's factual determinations where still entitled to discretion. *See, e.g.* Pierre v. Conn. Gen. Life Ins. Co., 932 F.2d 1552 (5th Cir. 1991). This is no longer true. Now, under *de novo* review, the court is not actually *reviewing* anything. It is making an independent decision about the claimant's entitlement to benefits. *Diaz v. Prudential Ins. Co. of Am.*, 499 F.3d 640, 643 (7th Cir. 2007). In other words, "the court can and must come to an independent decision on both the legal and factual issues that form the basis of the claim. What happened before the Plan administrator or ERISA fiduciary is irrelevant." *Diaz*, 499 F.3d at 643.

In the wake of *Ariana M.*, the parties have been unable to agree as to the appropriate standard of review for this case. Plaintiff states she is entitled to *de novo* review. Defendant, Liberty Life insists its decision to deny benefits must be reviewed only for abuse of discretion. The determination of this dispute will govern how the case is presented at trial. Given the importance of this issue, Plaintiff respectfully requests that the court review the pertinent facts and law, and determine the appropriate standard of review for this case.

### *Crux of the Parties' Disagreement*

The policy governing this claim contains a provision conferring discretionary authority on Liberty Life.[1] If this is found to be a lawful delegation of discretionary

---

[1] The entire policy is excerpted from the Agree Record ("AR") and attached to this motion, along with other pages referred to in this motion, as Exhibit "A". The page reference is to the bates numbered page of the Agreed Record. This citation appears at AR 39.

authority, then this case is subject to the arbitrary and capricious standard of review. *Firestone, supra.* If, however, the provision is found to be unenforceable, then the standard of review will be *Firestone's* default standard. The case will be reviewed by the Court *de novo.* <u>See,</u> *Ariana M,* at 250. The parties disagree as to whether the discretionary clause is a lawful delegation of discretionary authority.

## *Factual Background*

Plaintiff, Gay Lynn Cuming, has been a Branch Sales Manager for Wells Fargo & Company since 2005. In September, 2014, she stopped working due to debilitating chronic Fibromyalgia and Hypogammaglobenanemia.[2] Ms. Cuming filed a claim for disability benefits with the Social Security Administration and Liberty Life, the insurer for LTD benefits under the Wells Fargo & Company disability benefit plan. Both claims were approved. Liberty Life, however, denied continuing benefits in May, 2017, contending that, although disabled under the policy's "Own Occupation" definition, Ms. Cuming was no longer disabled under the policy's "Any Occupation" definition, which now applies due to Ms. Cuming's receipt of 24 months' benefits.

## *Argument*

### 1. <u>The discretionary clause in the policy is unlawful in Texas and therefore unenforceable.</u>

As of today, 26 states, including Texas, prohibit discretionary clauses in insurance

---

[2] AR 161

3

policies. *See, e.g. Ariana M., supra,* fn. 1.    Under Texas law, an insurer may not use most insurance policies in this state if the document contains a discretionary clause. *Tex. Ins. Code § 1701.062.*    Discretionary clauses are prohibited in any policy offered, issued, renewed, or delivered on or after June 1, 2011, *28 Tex. Admin. Code § 3.1201(b)* and any disability insurance policy offered, issued, renewed, or delivered after February 1, 2011. *28 Tex. Admin. Code § 3.1201(c).*    If the insurance policy does not contain a renewal date, the prohibition applies on or after the date of any rate increase, change, modification, or amendment occurring on or after June 1, 2011. *28 Tex. Admin. Code § 3.1201(d).*

Liberty Life policy number GF3-850-289424-01 provides Long Term Disability coverage to employees of Wells Fargo & Company.[3]  Plaintiff was an employee of Wells Fargo & Company and enrolled under the policy.[4]  The policy was effective January 1, 2010, and renewed each year on its anniversary date, beginning on January 1, 2011.[5]

The policy provides that there is an Annual Enrollment Period, immediately prior to each anniversary date.[6]  During this enrollment period, an employee may enroll for coverage under the policy, keep her coverage under the policy at the same level, increase her coverage, or decrease her coverage.[7]

Ms. Cuming was first employed by Wells Fargo & Company in June, 2005,[8]

---

3 *See,* AR 2, 10
4 Defendant's Answer, ¶¶ 4, 5
5 AR 2
6 AR 7
7 AR 10
8 AR 46-47

disabled in 2014[9], initially approved for LTD benefits by Liberty Life in 2015,[10] and not denied by Liberty Life until May 17, 2017.[11] She has therefore been continuously insured under the policy since its effective date, and passed through at least 3 Annual Enrollment Periods immediately prior to January 1, 2012, 2013, and 2014 prior to her date of disability. On each occasion, coverage under the policy was offered to her, as well as other employees of Wells Fargo & Company.

The Liberty Life policy was used for all employees of Wells Fargo & Company in the state of Texas. Since the policy was used in Texas, and offered, renewed, or delivered after February 1, 2011, the discretionary clause is prohibited by Texas law and unenforceable. *Ariana M.*, at 250.

## 2. **The policy does not contain an enforceable choice of law provision.**

Liberty Life notes the policy contains the following provision:

*Governing Jurisdiction is Minnesota and subject to the laws of that State.*[12]

Liberty Life argues that this provision is an enforceable choice of law clause and allows it to escape the impact of the Texas law banning discretionary clauses.

### A. **The choice of law clause in unenforceable in an ERISA action.**

This argument is misplaced, however, because this claim is governed by ERISA. As noted by the Eighth Circuit, in *Prudential Ins. Co. of Am. v. Doe*, 140 F.3d 785, 791 (8th Cir. 1998):

---

9 *Id.*
10 *Id.*
11 *Id.*
12 AR 2

5

*The choice of law provision in the contract does not alter the outcome here, for parties may not contract to choose state law as the governing law of an ERISA-governed benefit plan. Although choice of law provisions may be relevant in a diversity action, we are required to apply federal common law when deciding federal questions.*

Moreover, the policy also includes a Conformity with State Statutes clause, which provides:

### Conformity with State Statutes

*Any provision of this policy which, on its effective date, is in conflict with the statutes of the governing jurisdiction of this policy is hereby amended to conform to the minimum requirements of such statute.[13]*

The conformity with state statutes clause allows Liberty Life to use this policy in multiple states without running afoul of individual state laws. To the extent, therefore, the discretionary clause conflicts with the Texas statute banning discretionary clauses, the Liberty Life policy, by its terms, is amended to conform to the statute. Thus, to the extent the policy is used in Texas, the discretionary clause is unenforceable.

### B.  The discretionary clause is unenforceable under Minnesota law.

Even if the choice of law clause was valid in an ERISA action, the discretionary clause in the Liberty Life policy would still be unenforceable because these clauses are illegal in Minnesota as well. Minn. Stat. § 60A.42 provides:

*No policy, contract, certificate, or agreement offered or issued in this state providing for disability income protection coverage may contain a provision purporting to reserve discretion to the insurer to interpret the terms of the contract or provide a standard of review that is inconsistent with the laws of this state, or*

---

[13] AR 38

6

*less favorable to the enrollee when a claim is denied than a preponderance of the evidence standard.*

The Minnesota ban on discretionary clauses in disability policies was effective January 1, 2016, 17 months prior to the date Liberty Life denied Ms. Cuming's claim. Since the terms of the policy governing this case are those in effect on May 17, 2017, the date Ms. Cuming's cause of action accrued, the discretionary clause had already been invalid for 17 months.

ERISA regulates two types of benefit plans, pension benefit plans that create vested rights and welfare benefit plans that need not create vested rights. *Member Services Life Ins. Co. v. American Nat. Bank and Trust Co. of Sapulpa*, 130 F.3d 950, 954 (10th Cir. 1997). Since the Liberty Life policy at issue in this case is a component of an ERISA welfare benefits plan, its benefits do not statutorily vest. *See, e.g. McGann v. H & H Music Co.*, 946 F.2d 401, 405 (5th Cir. 1991). These plans can, and do change terms, even while a claim is being paid. These changing terms can determine the standard of review.

In *Hackett v. Xerox Corp.*, 315 F.3d 771 (7th Cir. 2003) the court examined the impact of changing plan terms regarding the standard of review in ERISA claims. James Hackett worked for Xerox and became disabled in 1986. He filed a claim for LTD benefits under the Xerox LTD plan, which, at that time, did not grant discretionary authority. Mr. Hackett's claim was approved. In 1996, Xerox amended its LTD plan, adding a discretionary clause. Hackett was denied continuing benefits soon thereafter by the claims administrator, exercising its new, discretionary authority.

Hackett argued that the terms of the plan in effect at the time his disability began governed his claim, and he sought *de novo* review. The court rejected this argument, holding:

> *This court has held that there exists a presumption against the vesting of benefits unless language in the plan establishes some ambiguity on the issue. Rossetto v. Pabst Brewing Co., 217 F.3d 539, 544 (7th Cir. 2000). If benefits have not vested, the plan participant does not have an unalterable right to those benefits. The fact that benefits have not vested suggests that the plan is malleable and the employer is at liberty to change the plan and thus change the benefits to which a participant is entitled. Since the employer can change the plan, then it must follow that the controlling plan will be the plan that is in effect at the time a claim for benefits accrues. See, e.g., Grosz-Salomon v. Paul Revere Life Insurance Co., 237 F.3d 1154, 1159 (9th Cir. 2001) (applying this logic and reaching the same conclusion). We have held that a claim accrues at the time benefits are denied. Daill v. Sheet Metal Workers' Local 73 Pension Fund, 100 F.3d 62, 65 (7th Cir. 1996). Therefore, absent any language suggesting ambiguity on the vesting question, the controlling plan must be the plan in effect at the time the benefits were denied....*
>
> *Therefore, the 1996 policy controls the termination of Hackett's benefits. That policy grants the plan administrator discretion and we review the termination under the arbitrary and capricious standard.*

*Hackett*, at 774.

Here, the situation is reversed. The Liberty Life policy was changed, by operation of Minnesota statutory law, on its anniversary date, January 1, 2016 when it renewed. Instead of a discretionary clause being added, however, one was removed. Arguably, were this Court find that Minnesota law does, indeed, govern this policy, then Minn. Stat. § 60A.42 not only obviates the Liberty Life discretionary clause for Ms. Cuming, it does so for all employees of Wells Fargo & Company across the country.

Although this change in the law undoubtedly affects the risks assumed by Liberty

Life when it first issued the policy, Liberty Life is not harmed.  Its policy anticipates such changes and allows Liberty Life to adjust its premiums to correspond to changing levels of risk due to changes in the law.[14]  It has likely already done so.

*Conclusion*

In the final analysis, it does not matter whether Texas law, or Minnesota law is applied.  The result is the same.  The discretionary clause in the Liberty Life policy does not *lawfully* delegate discretionary authority to Liberty Life.  Under *Firestone*, ERISA's default, *de novo* standard of review governs this case.

Plaintiff, Gay Lynn Cuming, respectfully asks this court to issue an ORDER, specifying that the appropriate standard of review in this case is *de novo*.

Respectfully Submitted,

BEMIS, ROACH & REED, L.L.P.
4100 Duval Rd., Bldg. 1, Suite 200
Austin, TX 78759
(512) 454-4000
(512) 453-6335 Facsimile
lonnie@brrlaw.com


By: _____*/s/ Lonnie Roach*_____
LONNIE ROACH
Texas State Bar No. 16967600

*Attorneys for Plaintiff*

---

14 AR 43

## CERTIFICATE OF SERVICE

By my signature above, I hereby certify that on October 12, 2018 I electronically filed the forgoing document with the Clerk of the Court for the U.S. District Court, Western District of Texas using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented to accept this Notice as service of this document by electronic means:

Iwana Rademaekers
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Ste. 550
Dallas, Texas, 75254

## CERTIFICATE OF CONFERENCE

I further certify that Lonnie Roach, attorney for Plaintiff, has conferred with Iwana Rademaekers, attorney for Defendant, regarding the substance of this Motion, but have been unable to reach agreement.

_____/s/ Lonnie Roach_____

10