## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| GAY LYNN CUMING, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 1:18cv00320 |
| LIBERTY LIFE ASSURANCE | § | |
| COMPANY OF BOSTON, | § | |
| Defendant. | § | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DETERMINE THE APPROPRIATE SATNDARD OF REVIEW

Defendant Liberty Life Assurance Company of Boston ("Liberty Life") files this Response to Plaintiff's Motion to Determine the Appropriate Standard of Review.

### I. Summary of Response

The proper standard of review of Liberty Life's termination of its payment of long-term disability ("LTD") benefits to Gay Lynn Cuming is abuse of discretion as the relevant policy contains sufficient language to invoke that standard. The Texas Statute relied upon by Plaintiff was not in effect for the policy under which Plaintiff was paid long term disability benefits beginning in 2015.

### II. The Policy and SPD

Attached as Exhibit A to this Response is the group disability insurance policy issued by Liberty Life to Wells Fargo & Company, and as Plaintiff admits, this is the governing policy for her claim. The policy states that its "Effective Date" is January 1, 2010. (Exhibit A, Liberty/Cuming 2). As Plaintiff further admits, the policy states, "Liberty shall possess the authority to construe the terms of the policy and to determine benefit eligibility hereunder." (Exhibit A; Liberty/Cuming 39).

Moreover, attached as Exhibit B is an excerpt from the Wells Fargo Benefits Book, Effective January 1, 2017, (Exhibit B; Liberty/Cuming 3466-3881), which provides, "Liberty has the discretionary authority to administer claims and interpret benefits under the LTD Plan." (Liberty/Cuming 3788).[1]

### III. Fifth Circuit Decision in Ariana M. Humana Health Plan of Texas, Inc.

While Plaintiff is correct that in Ariana M. v Humana Health Plan of Texas, Inc., 884 F.3d 246 (5th Cir. 2018), the Fifth Circuit found that when a de novo review applies to a Court's review of an ERISA claim for recovery of benefits, the *de novo* standard would apply to both factual and legal determinations.  Previously, factual conclusions by an administrator were reviewed under an abuse of discretionary standard by the Court, even if the *de novo* review applied to the claim.  Pierre v. Conn. Gen. Life Ins. Co., 932 F.2d 1552 (5th Cir. 1991).  The *en banc* decision by the Fifth Circuit in Ariana overruled that holding.  However, in Ariana, whether the case would be considered under the *de novo* standard was never in dispute, as the parties agreed that *de novo* review was the correct standard in that case.  Ariana M. v. Humana Health Plan of Texas, Inc., No. H-14-3206 at p. 4, 2016 WL 690582 (S.D. Tex. Feb. 19, 2016) (copy attached).  Liberty Life agrees that under Ariana, both the factual and legal determinations will be reviewed de novo **if** de novo is the standard of review. However, what the standard of review will be in the review of Plaintiff's claim is very much in dispute.

### IV. The Texas Statute and Regulation

Plaintiff asserts that the discretion granted to Liberty Life in its policy is barred by the Texas Insurance Code § 1701.062.  However, this statute was not effective until June 17, 2011.  ("Added

---

[1]    Identical language is contained in the previous Wells Fargo Benefits Book, Effective January 1, 2014, (Exhibit C; Liberty/Cuming 3882-4285) at p. 4176.

by Acts 2011, 82nd Leg., R.S., Ch. 560 (H.B. 3017), Sec. 2, eff. June 17, 2011."  http://www.statutes.legis.state.tx.us/Docs/IN/htm/IN.1701.htm).  Moreover, to the extent that Plaintiff relies on the corresponding insurance regulation, 28 TAC §3.1201, *et seq.*, this provision only applied to "forms offered, issued, renewed, or delivered on or after February 1, 2011."  28 TAC § 3.1201.  Accordingly, neither the statute nor the regulation applies to the Liberty Life policy at issue because the policy under which Plaintiff's claim for LTD benefits was governed was issued before the statute was enacted and before the effective dates of the regulation and statute.  Plaintiff argues that the policy is renewed on the "anniversary date,[2]" but that is not a "renewal" date.  The words "renew" or "renewal" are not found in the policy, and references to the policy anniversary in the policy are made only in connection to employee enrollment as a participant in the plan under the policy.[3]  There is no reference to any "renewal," and the policy continues until terminated by its terms.[4]

Moreover, the statute would not be applied retroactively.  "A statute is presumed to be prospective in its operation unless expressly made retrospective."  Tex. Govt. Code § 311.022.  The Fifth Circuit has also recognized that Texas statutes are presumed not to apply retroactively. Russell v. Board of Trustees, 968 F.2d 489, 494 (5th Cir. 1992).

### V. The Wells Fargo Benefit Book/SPD

Additionally, in this action, it is not just the Liberty Life policy that contains discretionary language, but such language is also in the 2014 and 2017 Wells Fargo Benefit Booklet (SPD).  The Texas regulation and statute clearly do not apply to the language in the plan document.  As another District Court stated,

---

[2]   "Policy Anniversaries shall occur each January 1st beginning in 2011." Exhibit A, Liberty/Cuming 2.
[3]   Exhibit A, Liberty/Cuming 7, 17, and 19.
[4]   Exhibit A, Liberty/Cuming 36-37.

> [I]f the intent of the Texas Legislature was to ban the *exercise* of discretion by insurers pursuant to *any* document, they could have said as much. The plain language of the statute limits "use" of the identified documents [the policy], by any insurer, if they contain a discretionary clause. . . .The Plan documents were neither issued, nor delivered by an insurer. The documents were issued and delivered by Plaintiff's employer . . ., not the Defendant. Thus, . . .they fall outside the scope of the section 1701.062 discretionary clause prohibition.

Littleton v. Liberty Life Assurance Co. of Boston, 2016 WL 3093887, CA 6:15-187-KKC pp. 3-4 (E.D. Ky. June 1, 2016) (emphasis original) (copy attached). *See also*, Rose v. Liberty Life Assurance Company of Boston, No. 3-15-cv-28-DJH-CHL, 2016 WL 1178801 (W.D. Kentucky Mar. 23, 2016) (copy attached). *See,* Hess v. Metropolitan Life Ins. Co., 91 F. Supp.3d 985, 901-02 (E.D. Mich. 2015); Markey-Shanks v. Metropolitan Life Ins. Co., No. 1:12-CV-342, 2013 WL 3818838 (W.D. Mich. July 23, 2013) (Michigan's ban on discretionary clauses did not apply because the clause was "contained not in the Policy, but in the ERISA plan document itself, which is not subject to regulation by the [Michigan Insurance] Commissioner.").

In Ariana, the Fifth Circuit specifically held that the Texas statute did "not attempt to prescribe a standard of review for federal courts in ERISA cases." Ariana, 884 F.3d at 250. Accordingly, it is recognized that such language could only be enforced against insurance policies, as insurance companies "may not use a document described by Section 1701.002 in this state if the document contains a discretionary clause." Tex. Ins. Code § 1701.062. Section 1701.002 refers to a policy, contract, certificate, application, rider or endorsement. Wells Fargo's Benefit Book (its SPD) is not any of these and is not within the purview of the Texas Statute. The Wells Fargo SPD is a document mandated by ERISA, a federal statute, the contents of which are regulated by the Department of Labor (29 CFR 2520.102-3) and is not an insurance policy that is subject to regulation by the Texas Insurance Commission.

## VI. The Minnesota Statute

Plaintiff asserts that the discretion granted to Liberty Life in the policy is barred by Texas law, but the Policy states that the "Governing Jurisdiction" is Minnesota.[5] Wells Fargo and Norwest merged in 1998 as a "merger of equals,"[6] and Norwest was originally headquartered in Minneapolis, Minnesota.[7] The combined company, particularly the employee benefits group, maintains a major connection to Minneapolis.[8] Pertinent to the LTD Plan is the Minnesota location of the headquarters of the Wells Fargo employee benefits group, including the Vice President of Benefits for Wells Fargo, along with 2,124 other Wells Fargo benefit department employees with LinkedIn profiles identified as being located in the Greater Minneapolis-St. Paul Area. [9]

Minnesota does have a statute banning discretionary language in insurance policies, and it also prohibits provisions "purporting to reserve discretion to the insurer," which was effective on January 1, 2016. Minn. Stat. § 60A.42. Like Texas statutes, Minnesota statutes are not given retroactive effect. "No law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature." Minn. Stat. § 645.21. Like the Texas statute, the Minnesota statute would not apply to the Wells Fargo Benefit Book/SPD, because the statute applies only to a "policy, contract, certificate or agreement," which the Benefit Book is not. Moreover, the Minnesota statute was enacted well after Plaintiff's date of disability and the commencement of her LTD claim.

---

[5]    Exhibit A, Policy, Liberty/Cuming 2.
[6]    https://money.cnn.com/1998/06/08/deals/wells/.
[7]    https://www.wsj.com/articles/SB897306023976625000.
[8]    Norwest subsidiaries remain headquartered in Minneapolis.
       https://www.wellsfargo.com/about/corporate/norwest/. More than 20,000 Wells Fargo employees were in Minnesota, as of October 19, 2008. https://www.charlotteobserver.com/news/article9018146.html.
[9]    https://www.linkedin.com/search/results/people/v2/?facetGeoRegion=%5B%22us%3A512%22%5D&keywords=wells%20fargo%20benefits&origin=FACETED_SEARCH.

**VII. The Flaws in Plaintiff's Arguments**

Plaintiff makes the circular argument that Texas law should apply because state law cannot govern an ERISA plan, which is nonsensical because Plaintiff is arguing that Texas law be given precedence.  Additionally, the case cited by Plaintiff in support of the argument that the choice of law should be disregarded, was considering not the choice of law between two states, but whether the parties could contract to apply Illinois state law over ERISA federal common law, and the Eighth Circuit decided they could not because the parties could not opt out of the application of the law relevant to the federal statute (ERISA).  Prudential Ins. Co. of Am. v. Doe, 140 F.3d 785 (8th Cir. 1998).  However, the Eighth Circuit has held that a choice of law in an ERISA contract or policy will be followed unless it is "unreasonable or fundamentally unfair."  Brake v. Hutchison Technology Inc. Group Disability Income Ins. Plan, 774 F.3d 1193, 1196 (8th Cir. 2014) (citations omitted).  The Fifth Circuit has adopted the same approach to ERISA cases Jimenez v. Sun Life Assur. Co. of Canada, No. 11-30872, 2012 WL 3495259 (5th Cir. Aug. 15, 2012) (copy attached). The significant connections that Wells Fargo has with Minnesota, particularly in the employee benefits department, provide ample support for Minnesota as the governing jurisdiction for the policy.[10]

Plaintiff points to the "Conformity with State Statutes" provision in the policy as supporting his argument that the Texas statute would apply.  However, the specific language is: "Any provision of this policy which, **on its effective date**, is in conflict with the **statutes of the governing jurisdiction** of this policy is hereby amended to confirm to the minimum requirements of such statute." Exhibit A, Liberty/Cuming 38, emphasis added.  First, the governing jurisdiction is Minnesota, as described above.  Second, this provision only addresses policy provisions that are in

conflict on the "effective date" of the policy, which is January 1, 2010 ("Effective Date: January 1, 2010," Exhibit A, Liberty/Cuming 2). As of the effective date, neither Texas nor Minnesota had a statute regarding discretionary language (Texas, 2011, and Minnesota, 2016). Therefore, the "Conformity with State Statutes" provision does not operate to insert those statutes into the policy.

Plaintiff makes yet another flawed argument in its discussion of cases in which various courts had to determine which version of a plan or policy would apply and whether welfare benefits from ERISA plans are vested. In those cases, there were two different versions of the plan/policy, and there had been an affirmative change to the plan/policy language. Here, there is only the one policy, which is the one with the January 1, 2010, effective date, which predated both the Texas and Minnesota statutes in question.

### VIII. Preemption and Violation of Congressional Intent

However, under any circumstances, the discretionary ban can only be given effect if it is not preempted by ERISA. In determining whether a state law regulates insurance and is therefore saved from preemption, the Supreme Court set forth the following two-part test in Kentucky Ass'n of Health Plans, Inc. v. Miller, 538 U.S. 329, 342 (2003): the state law must be specifically directed towards entities engaged in insurance, and the state law must substantially affect the risk pooling arrangement between the insurer and the insured. *Id.* However, the Texas and Minnesota statutes may masquerade as regulation of insurance, but they are not. The language banned by these statutes does not even exist in insurance law. Discretionary authority is a unique creation of ERISA, having its origins in an amalgam of trust law (Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 110 (1989)) and congressional policy. Texas and Minnesota's ban on discretionary clauses target ERISA

---

[10]   See Section VI herein.

plans and have no impact on insurance practices outside of ERISA.  The statutes in question seek to govern ERISA plans and operate to overrule the federal standard of judicial review.

Additionally, if the Texas Insurance rules and regulations applied to federally-governed plan documents established under ERISA (such as the Wells Fargo Benefits Book), then they are not specifically directed towards insurers.  Plan sponsors and administrators are not insurers and plan documents are not insurance contracts.  Rather, plan documents are exclusively governed by ERISA. Here, the grant of discretionary authority originates not only in the policy, but also in the Wells Fargo Benefits Book.  If the Court finds that the regulations apply to the Benefits Book, then they are directed toward discretionary authority provisions in ERISA plans generally, and not directed toward insurers and insurance contracts.  Because the statute and regulations are directed to forms to be filed with the Department of Insurance and not directed toward plan sponsors and administrators, they are not saved from preemption by ERISA.  Likewise, risk-pooling applies to insurance companies – not ERISA plan administrators or sponsors – and thus has no application here, where the discretionary provisions are found in the plan documents itself, which was created not by Liberty Life but by Wells Fargo, the Plan Sponsor and Plaintiff's employer.

Moreover, applying Texas law to this dispute merely because it is the forum state would undercut ERISA's objectives by undermining the uniform interpretation of the same plan across states. *See* Conkright v. Fromert*, 559 U.S. 506, 517, 130 S. Ct 1640, 1651 (2010) ("Uniformity is impossible, however, if plans are subject to different legal obligations in different States," *citing* Egelhoff v. Egelhoff, 532 U.S. 141, 148 (2001)).  Indeed, the importance of deferential review to the goals of uniformity and efficiency by Congress in enacting ERISA are highlighted by Judge Roberts in Conkright, 130 S.Ct. at 1647-49:

> Congress sought "to create a system that is [not] so complex that administrative costs, or litigation expenses, unduly discourage

employers from offering [ERISA] plans in the first place." ERISA "induc[es] employers to offer benefits by assuring a predictable set of liabilities, under uniform standards of primary conduct and a uniform regime of ultimate remedial orders and awards when a violation has occurred."

Firestone deference protects these interests and, by permitting an employer to grant primary interpretive authority over an ERISA plan to the plan administrator, preserves the "careful balancing" on which ERISA is based. Deference promotes efficiency by encouraging resolution of benefits disputes through internal administrative proceedings rather than costly litigation. It also promotes predictability, as an employer can rely on the expertise of the plan administrator rather than worry about unexpected and inaccurate plan interpretations that might result from *de novo* judicial review. Moreover, Firestone deference serves the interest of uniformity, helping to avoid a patchwork of different interpretations of a plan, like the one here, that covers employees in different jurisdictions—a result that "would introduce considerable inefficiencies in benefit program operation, which might lead those employers with existing plans to reduce benefits, and those without such plans to refrain from adopting them." (citations omitted).

**Conclusion**

The proper standard of review for Liberty Life's decision on Plaintiff's claim is the abuse of discretion standard. Liberty Life requests that the Court enter an order: 1) denying the relief Plaintiff requests in Plaintiff's Motion to Determine the Appropriate Standard of Review, and 2) that the abuse of discretion standard will be used by the Court in its review of Liberty Life's decision on Plaintiff's claim in this action.

DATED this 19th day of October 2018.

> LAW OFFICES OF IWANA RADEMAEKERS, P.C.
> 14785 Preston Road, Suite 550
> Dallas, Texas 75254
> Main: (214) 579-9319
> Fax: (469) 444-6456

By:   /s/ Iwana Rademaekers
Iwana Rademaekers, Esq.
Texas Bar No. 16452560
Email:  iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Lonnie Roach
Email:  lonnie@brrlaw.com

October 19, 2018                              /s/ Iwana Rademaekers
Date                                          Iwana Rademaekers

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO
DETERMINE THE APPROPRIATE STANDARD OF REVIEW**