UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Gay Lynn Cuming | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| vs. | § | CIVIL NO.:  1:18-cv-00320-LY |
| | § | |
| | § | |
| Liberty Life Assurance | § | |
| Company of Boston | § | |
| | § | |
| | § | |
| *Defendant* | § | |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE
TO PLAINTIFF'S MOTION TO DETERMINE
THE APPROPRIATE STANDARD OF REVIEW**

Liberty offers 4 arguments for why this court should disregard statutory law, as

well as *Ariana M.*[1], and apply discretionary review.  These arguments are:

1. The Texas statute banning discretionary clauses was not in effect at
   times pertinent to this case;

2. The Wells Fargo SPD independently confers discretionary authority
   on Liberty Life, and the SPD is not affected by the states' laws;

3. The Minnesota statute banning discretionary clauses was not in
   effect at times pertinent to this case; and

4. The Texas and Minnesota statutes banning discretionary clauses are
   both preempted by ERISA.

Plaintiff will address these arguments in the order Liberty made them.

---

1 *Ariana M. v. Humana Health Plan of Texas, Inc., 884 F.3d 246, 250* (5th Cir. 2018) "*The Texas insurance code
provision thus…renders discretionary clauses unenforceable*"

1

**1.  Texts law renders the discretionary clause unenforceable**

Discretionary clauses are prohibited in any disability insurance policy offered, issued, renewed, or delivered after February 1, 2011.  *28 Tex. Admin. Code § 3.1201(c).* Despite the fact that the policy states: "**Policy Anniversaries** shall occur each January 1st beginning in 2011",  Liberty avers that the policy does not "renew" each January 1st since the policy does not contain the word "renewal".  But the term "Anniversary Date", as used in the business of insurance, is commonly understood as the date on which a policy automatically renews.   The International Risk Management Institute, Inc. ("IRMI") provides the following definition:

*Anniversary Date*

*In policies with a term that exceeds 1 year, the anniversary of the policy inception date. For 1-year policies, this term can also be used to refer to the policy's renewal date.[2]*

Accordingly, when confronted with this issue under Illinois law, the court in

*Haines v. Reliance Std. Life Ins. Co.*, 2010 U.D. Dist. LEXIS 104625 noted:

*…the Policy's provision for an "anniversary date" is, for all intents and purposes, the same as a renewal date.  Illinois Insurance Regulations define "Renewed Date" as "each annual anniversary date unless otherwise specifically defined by the contract." (Citation omitted).  Furthermore, the June 28 Bulletin states, "Policies offering accident, health and disability benefits typically are renewed annually."  It continues, "The regulation prohibiting discretionary clauses is accordingly applicable….*

Similarly, In *Cerone v. Reliance Std. Life Ins. Co.*, 9 F. Supp 3d 1145 (S.D. Cal. Mar. 28, 2014) the court noted that under California law, when a policy continues in effect on

---

2 https://www.irmi.com/term/insurance-definitions/anniversary-date

2

or after its anniversary date, it has been renewed by operation of law.  *Id*. at 7.

In *Curran v. United of Omaha Life Ins. Co.*, 38 F. Supp. 3d 1184 (S.D. Cal. July 15, 2014), the court noted that this same California statute did not define "Anniversary Date". After conducting a broad survey of insurance secondary sources, the court concluded that the term "Anniversary Date" when used in an insurance policy, meant the annually recurring date when the policy renewed, unless otherwise specified in the policy.

Since the Liberty policy contains a clause conforming it to other states' laws, the Texas statute renders the discretionary clause unenforceable.  Liberty argues this clause exits only to ensure the policy complies with Minnesota law.  But the Conformity clause is mandated by Minnesota law to ensure a policy issued in Minnesota conforms to *other states'* laws.   Minn. Stat. § 62A.01, Subd. 2, provides in pertinent part:

> *A policy of accident and sickness insurance that is issued or delivered in this state and that covers a person residing in another state may provide coverage or contain provisions that are less favorable to that person than required by this chapter and chapter 62E. Less favorable coverages or provisions must meet the requirements that the state in which the person resides would have required had the policy been issued or delivered in that state.*

### 2.  <u>The Wells Fargo SPD does not supersede the states' statutes</u>

Liberty suggests that even if the discretionary clause in its policy is rendered unenforceable by Texas' or Minnesota's statutes, it is still entitled to discretion because the Wells Fargo SPD grants it.  The very same document on which Liberty relies, however, quickly dispels this argument.

The Wells Fargo SPD describes a number of employee benefits plans offered by

3

Wells Fargo.  Some of these plans are self-funded, while some are fully insured.[3]  For those plans that are fully insured, such as the Liberty policy at issue in this case, the governing plan document is the insurance policy itself.  Should there be a discrepancy between the insurance policy and the SPD, such as a grant of discretion in the SPD and the absence of discretion in the insurance policy—due to the unenforceability of the discretionary clause--then the insurance policy governs.   The Wells Fargo SPD specifically provides:

> *The SPD and Group Disability Income Policy issued by Liberty, along with any certificates, policy amendments, riders, and endorsements, constitute the official plan documents for the LTD Plan. If there are any differences between the SPD and the LTD Plan policy, the LTD Plan policy governs your right to benefits. The LTD Plan is insured by Liberty Life Assurance Company of Boston and is classified as a "welfare benefit plan" under the Employee Retirement Income Security Act of 1974, as amended (ERISA).[4]*

### 3.  <u>Minnesota law renders the discretionary clause unenforceable</u>

Minn. Stat. § 60A.42, which outlaws discretionary clauses, was effective January 1, 2016 and applies to policies renewed on or after that date.[5]   Liberty argues, however, that its policy contains no provision for renewal.  In addition to the reasons in section 1, *supra*, Liberty's argument cannot be true under Minnesota's regulatory scheme.

Minn. Stat. § 62A.04 Subd. 1 provides:

> ***Reference***. *(a) Any reference to "standard provisions" which may appear in other sections and which refer to accident and sickness or accident and health insurance shall hereinafter be construed as referring to accident and sickness policy provisions.*

---

3 <u>*See, e.g.*</u> Exhibit B to Defendant's Response-AR 3478
4 *See*, Exhibit B to Defendant's Response—AR 3788
5 *See*, https://www.revisor.mn.gov/laws/2015/0/59/

4

Minn. Stat. § 62A.10, Subd. 4 provides:

*Policy forms. No policy or certificate of group accident and health insurance may be issued or delivered in this state unless the same has been approved by the commissioner in accordance with section 62A.02, subdivisions 1 to 6. These forms shall contain the standard provisions relating and applicable to health and accident insurance and shall conform with the other requirements of law relating to the contents and terms of policies of accident and sickness insurance insofar as they may be applicable to group accident and health insurance, and also the following provisions:*

Among the standard provisions which must be included, Minn. Stat. § 62A.03 Subd. 5 provides:

*(5) Description of policy. The policy, on the first page, indicates or refers to its provisions for renewal or cancellation either in the brief description, if any, or by a separate statement printed in type not smaller than the type used for captions or a separate provision bearing a caption which accurately describes the renewability or cancelability of the policy.*

These statutes require that the policy — on its first page — refer to its provisions for renewal or cancellation. There is no statement of the first page of Liberty's policy that can be fairly construed to refer to the policy's cancellation. The policy does, however, conform to Minnesota law if the "Policy Anniversaries" clause is given its common usage in the practice of insurance, and understood to be the date the policy renews.

### 4.  The Texas and Minnesota statutes are not pre-empted by ERISA

The question of whether ERISA preempts state statutes banning discretionary clauses was not before the court in *Ariana M.  Id*., at 250.  The court noted, however, that every court that has considered this issue concluded that these state laws are not preempted. *Id*. n. 2.  Considering that the primary reason the Fifth Circuit granted *en banc*

5

consideration of *Ariana M.* was to overrule its previous decision in *Pierre v. Conn. Gen. Life Ins. Co.*, 932 F.2d 1552 (5th Cir. 1991) and bring Fifth Circuit jurisprudence into conformity with every other Circuit on the issue of *de novo* review of ERISA claims, it is reasonable to conclude that when presented with this question, the Fifth Circuit will follow the lead of the 6th, 7th, 9th, and 10th Circuits and hold that these laws are saved from preemption due to ERISA's Savings Clause.[6]

*Conclusion*

Plaintiff, Gay Lynn Cuming, respectfully asks this court to issue an ORDER, specifying that the appropriate standard of review in this case is *de novo*.

Respectfully Submitted,

BEMIS, ROACH & REED, L.L.P.
4100 Duval Rd., Bldg. 1, Suite 200
Austin, TX 78759
(512) 454-4000
(512) 453-6335 Facsimile
lonnie@brrlaw.com

By: _____/s/ *Lonnie Roach*_____
LONNIE ROACH
Texas State Bar No. 16967600

*Attorneys for Plaintiff*

---

6 *See, Fontaine v. Metro. Life Ins. Co.*, 800 F.3d 883, 891 (7th Cir. 2015); *Standard Ins. Co. v. Morrison*, 584 F.3d 837, 842–45 (9th Cir. 2009); *Am. Council of Life Insurers v. Ross*, 558 F.3d 600, 604–09 (6th Cir. 2009); *Hancock v. Metropolitan Life Ins. Co.*, 590 F.3d 1141, 1149 (10th Cir. 2009).

## CERTIFICATE OF SERVICE

By my signature above, I hereby certify that on October 25, 2018 I electronically filed the forgoing document with the Clerk of the Court for the U.S. District Court, Western District of Texas using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented to accept this Notice as service of this document by electronic means:

Iwana Rademaekers
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Ste. 550
Dallas, Texas, 75254